

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| GEORGE WILLIAM PARRISH, | Cause No. CV 11-54-M-DWM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| WARDEN MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

On April 11, 2011, Petitioner George Parrish moved to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254. Parrish is a state prisoner proceeding pro se. He raises a claim based on <u>Batson v. Kentucky</u>, 476 U.S. 79, 85-86 (1986), and <u>J.E.B. v. Alabama ex rel. T.B.</u>, 511 U.S. 127, 129 (1994).

On April 14, 2011, Parrish was ordered to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1)(A). He responded on

1

May 13, 2011.

## I. Federal Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. In this case, the limitations period began to run on the date Parrish's conviction became "final" in state court. 28 U.S.C. § 2244(d)(1)(A).

Parrish raised his Batson claim on direct appeal. The Montana Supreme Court rejected it and affirmed his conviction on May 4, 2005. State v. Parrish, 111 P.3d 671, 675 ¶ 20 (Mont. 2005). He filed a petition for postconviction relief, though he does not give the date. Pet. (doc. 1) at 2 ¶ 11. When the trial court denied it, he again appealed to the Montana Supreme Court. On December 5, 2006, that court affirmed denial of postconviction relief. Thus, at the latest, his conviction was final and the federal limitations period began to run on December 6, 2006. See Lawrence v. Florida, 549 U.S. 327, 329 (2007). He had one year from that date to file a federal petition, or until December 5, 2007. 28 U.S.C. § 2244(d)(1)(A). He did not file until April 6, 2011, Pet. at 5, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988), three years and four months too late.

The one-year period for filing a habeas petition in federal court is suspended

while a state prisoner has a "properly filed" action pending in state court. 28 U.S.C. § 2244(d)(2). Parrish filed a motion to amend the judgment in December 2009, but it was dismissed as untimely. State v. Parrish, 239 P.3d 957, 958-59 ¶ 11 (Mont. 2010). The federal limitations period expired before any time was tolled under § 2244(d)(2). And no time could have been tolled under that provision in any case, because Parrish's untimely motion to amend was not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

A state prisoner might be entitled to equitable tolling of the federal limitations period if he demonstrates that "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2563 (2010). Additionally, "the person seeking equitable tolling must demonstrate reasonable diligence in attempting to file *after* the extraordinary circumstances began." Roy v. Lampert, 465 F.3d 964, 971 (9th Cir. 2006) (quoting Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted) (emphasis in Roy).

Parrish makes a compelling case for equitable tolling of the limitations period between the latest date his conviction became final – December 5, 2006 – and September 17, 2008, when the attorney he hired to prepare a federal habeas petition belatedly stated "I do not believe that there are grounds to pursue federal habeas

3

corpus relief" and offered a refund of Parrish's money. Resp. Ex. I (doc. 9-1 at 9). That attorney did not advise Parrish of the federal statute of limitations and appears to have been ignorant of it himself. His delay was unconscionable.

However, Parrish wrote to the attorney on August 17, 2008, stating, in part, "as you know it's been [sic] over a year since you agreed to review my case, and in that time my time line for filing expired." Resp. Ex. G.[1] Again, on September 15, 2008, Parrish wrote to the attorney, referring to "the fact that your delayed action on my case has caused a time bar for filing." Resp. Ex. H. Clearly, Parrish knew there was a federal limitations period. Rather than expeditiously preparing a petition himself, he simply ignored the filing deadline for two and a half more years.

Further, although Parrish had only limited access to a law library "to research case cites" and is not an expert, Resp. to Order to Show Cause (doc. 9) at 4-5; Parrish Aff. (doc. 9-1 at 12) ¶¶ 8-14, such circumstances are hardly extraordinary. They hold true for nearly all inmates who timely file federal habeas petitions.

Finally, Parrish states that he "has evidence of Prosecutorial Misconduct on cassette tape but the only access to this material is through counsel. These tapes prove innocence of the offenses Petitioner is currently incarcerated on." Parrish Aff.

---

[1] Resp. Exs. G and H are not legible in scanned form. They are retained in paper form in the Clerk's Office.

4

¶ 15. The assertion is a far cry from showing that "more likely than not *any* reasonable juror would have reasonable doubt" about his guilt. House v. Bell, 547 U.S. 518, 538 (2006) (emphasis added). At any rate, even assuming the tape shows actual innocence, Parrish offers no legitimate reason why he bided his time in prison for two and a half years before filing his federal habeas petition. Even if the federal limitations period is subject to an exception for actual innocence, it is impossible to imagine that Parrish's claim would meet even the lowest standard of diligence. Cf. Holland, 130 S. Ct. at 2565.

Parrish did not "demonstrate reasonable diligence in attempting to file *after* the extraordinary circumstances began." Roy, 465 F.3d 971. His petition should be dismissed with prejudice as time-barred.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v.

Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack, 529 U.S. at 484).

Assuming Parrish makes a showing with some substance to it that he was deprived of a constitutional right under Batson and J.E.B., there is no room for debate about the time bar. His own exhibits conclusively show that he knew, as of August 2008, both that the attorney he hired would not file a federal habeas petition and that there was a federal statute of limitations that had already expired. Yet he did not file his federal habeas petition for another two and a half years. Further, Parrish alleges no circumstances that prevented him from filing on time. Finally, while Parrish asserts that he has evidence, on a cassette tape not within his custody, of prosecutorial misconduct that proves his actual innocence, the bare assertion is a long, long way from meeting the House standard. At any rate, in light of that evidence, Parrish has not shown diligence on even the lowest conceivable standard. There is no legitimate excuse for Parrish's delay in filing between the summer of 2008 and April 6, 2011. There is no reason to encourage further proceedings. A COA is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as time-barred.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in

dismissal of his case without notice to him.

DATED this 16th day of May, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge