IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| GEORGE WILLIAM PARRISH, | CV 11-54-M-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, Respondent. | |

Petitioner George Parish applied for a writ of habeas corpus under 28 U.S.C. § 2254. Parish is a state prisoner proceeding pro se. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on May 16, 2011. He recommended dismissing Parish's petition as time-barred. Parish requested and was granted an extension to file objections. June 16, 2011, Parish filed objections. Therefore, he is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

The Antiterrorism and Effective Death Penalty Act of 1996 sets a one-year statute of limitations for petitions filed under 28 U.S.C. § 2254. The Montana Supreme Court denied his petition for post conviction relief on December 6, 2006. Parish did not file his petition under § 2254 until April 6, 2011.

Parish argues the statute of limitations should be tolled because the lawyer he hired to prepare the petition missed the filing deadline and then declined to represent him. Because Parish took two and one half years to file his petition after he discovered his attorney missed the deadline, Parish first argues equitable tolling did not require him to diligently pursue his rights after he discovered the mistake. Alternatively, Parish argues he diligently pursued his rights.

He points to language the Supreme Court used to describe the standard for equitable tolling. A state prisoner might be entitled to equitable tolling if he demonstrates "he has been pursuing his rights diligently" and "some extraordinary circumstances stood in his way." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2563 (2010). Parish notes that the language does not specify that diligence must be exercised after the extraordinary circumstances. The argument misunderstands the meaning of diligence. Diligence is the "[c]onstant and earnest effort to accomplish what is undertaken." Oxford English Dictionary, http://www.oed.com/view/Entry/52784 (2d ed., 1989) (accessed July 21, 2011).

Assuming his attorney's failure to file a petition was an extraordinary circumstance that justifies tolling of the statute of limitations, Parish did not demonstrate a constant and earnest effort to file his federal petition. After he discovered his attorney did not file a petition within the deadline, Parish waited over two years to file his petition. No other extraordinary circumstances justify the delay. Equitable tolling is not appropriate.

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt # 10) are adopted in full. The Petition (dkt # 1) is DISMISSED WITH PREJUDICE as time-barred.

The Clerk of Court is directed to close this matter and to enter by separate document a judgment in favor of Respondents and against Petitioner.

The Clerk of Court is further directed that a certificate of appealability is DENIED.

Dated this 27th day of July, 2011.

Donald W. Molloy, District Judge
United States District Court

-3-